UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

VERLIN BRUMLY, SR., and,                    No. 05-10263
PATRICIA BRUMLEY
                                  Debtor(s).
_____/

MICHILLE LY,

                                  Plaintiff(s),

           v.                                     A.P. No. 05-1055

VERLIN BRUMLY, SR., and,
PATRICIA BRUMLEY

                                  Defendant(s).
_____/

Memorandum After Trial
_____

     In this adversary proceeding, plaintiff Michille Ly seeks a nondischargeable judgment against debtors and defendants Verlin Brumly, Sr., and Patricia Brumley. The case arises out of the purchase of a small grocery store known as the Countryside Market in Petaluma, California, by Ly from Verlin Brumly, Jr., defendants' son.

     It is beyond doubt that Ly was induced to purchase the market by fraud. At the time of the sale, the market was in the process of losing its liquor license due to the sale of liquor to minors. Beer and

1

wine constituted the majority of the market's business; without a liquor license, the store had little or no value.

The market was owned by the Brumleys' son, Verlin Junior. It was not pleaded, argued or proven that the senior Brumley was a partner in the market. However, it was clear that he was intimately involved in all of the market's activities. He worked at the market, apparently managed it, and had even supplied the purchase price when his son purchased it. The senior Brumley knew all of the facts regarding the liquor license and actively hid those facts from Ly and made misrepresentations to her in order to induce her to purchase the market. He delivered to Ly a contract, signed by his son, which he almost certainly knew made the express representation that there was no pending administrative proceeding against the business. He also told Ly that the liquor license problems were not a major factor when he knew that the license was about to be revoked and that it was critical to the viability of the market.

While Ly was certainly remiss in not having professional help in purchasing the market, that in no way excuses the fraud of Brumley in assisting his son in cheating her. Ly, a Cambodian immigrant, had not ever purchased a business before and had no knowledge of liquor licenses. Her reliance upon Brumley's misrepresentations was justifiable under the circumstances.

Fortunately, Ly's direct damages were not extensive as she paid only $2,500.00 of the purchase price. In fact, she had originally sued in small claims court seeking only $5,000.00 in damages. However, she seeks almost $150,000.00 in this adversary proceeding.

Ly seeks as damages against Brumley her attorneys' fees incurred in successfully suing his son. While the court doubts that such damages are allowable as a matter of law, it does not need to address the issue as there was no evidence presented as to these damages.

Ly seeks $15,643.38 in direct out-of-pocket damages, which includes the $2,500.00 she paid toward the purchase price. Although she did not mention it in her itemization, she concedes that this amount should be reduced by $2,730.00 in credits, making her actual out-of-pocket damages $12,913.38.

More problematical are Ly's claimed consequential damages. She quit her job to run the market,

and was not able to get her old job back and had to accept a lower-paying position. She claims that as a result she has made $62,978.37 over the last three years less than she would have if she had stayed on the job. However, this is all very speculative at this point since there is no evidence that she would not have been laid off or left employment for other reasons. While the court wishes to see Ly fairly compensated for her losses, at some point the damages become too speculative to be awarded. The court feels that six months' lost wages is sufficiently related to Brumley's fraud, and accordingly fixes these damages at $22,308.00.

No evidence of any wrongdoing was presented against defendant Patricia Brumley. The complaint will therefore be dismissed as to her, except to note that her share of community property is liable for the judgment rendered in this adversary proceeding pursuant to § 524(a)(3) of the Bankruptcy Code.

For the foregoing reasons, Ly shall have a nondischargeable judgment pursuant to § 523(a)(2) of the Bankruptcy Code against defendant Verlin Brumley, Sr., in the amount of $35,221,38, plus interest from and after January 1, 2004, at the federal legal rate. She shall also recover her costs of suit. All further requested relief will be denied.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Ly shall submit an appropriate form of judgment forthwith which counsel for the Brumleys has approved as to form.

Dated: September 22, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge